UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY J. TITUS, | ) | CASE NO. 1:08CV2093 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, | ) | **PERTAINING TO PLAINTIFF'S** |
| | ) | **MOTION FOR ATTORNEYS' FEES** |
| Defendant. | ) | |

This matter is before the Court on Plaintiff Tammy Titus's ("Plaintiff") application for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF Dkt. #22. Defendant Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), has filed a response opposing Plaintiff's motion, asserting that Plaintiff's request is not reasonable. ECF Dkt. #23. The matter was referred to the undersigned for a report and recommendation. ECF Dkt. #24. For the following reasons, the undersigned recommends that the Court GRANT Plaintiff's petition for attorney fees and ORDER attorney fees and costs to be paid directly to Attorneys Kirk B. Roose in the amount of $4,658.36:

**I.    PROCEDURAL HISTORY**

On August 11, 2009, this Court issued a Memorandum Opinion and Order reversing judgment in favor of Defendant and remanding Plaintiff's case to the ALJ for further findings and proceedings consistent with the Court's opinion. ECF Dkt. #21.

On September 10, 2009, Plaintiff filed the instant application for the award of attorney fees pursuant to the EAJA and requested $3,654.42 in attorney fees and costs. ECF Dkt. #22. On September 24, 2009, Defendant filed a response opposing Plaintiff's motion, arguing that Plaintiff's fee request was not reasonable. ECF Dkt. #23. On October 6, 2009, Plaintiff filed a reply. ECF Dkt. #25. Along with addressing the merits of the motion, Plaintiff also requested an additional $988.31 in fees. *Id*. at 7.

## II.    LAW AND ANALYSIS

### A.    EAJA

The EAJA provides that a plaintiff shall be awarded attorney fees when she is the prevailing party in a suit against the government, unless the government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1). The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *See also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

#### 1.    PREVAILING PARTY

Defendant does not dispute that Plaintiff is a prevailing party. ECF Dkt. #23 at 1. The Court should therefore find that Plaintiff is indeed a prevailing party as the United States Supreme Court has held that a social security claimant who is granted a reversal of her case with remand of a final decision of the Social Security Administration ("SSA") under sentence four of 42 U.S.C. § 405(g) is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

#### 2.    SUBSTANTIALLY JUSTIFIED

Further, Defendant does not contend that his position was substantially justified. *See* ECF

Dkt. #23.  Of note, by adopting the undersigned's report and recommendation of July 20, 2009, the Court held that the ALJ in the case at bar erred in determining that Plaintiff could perform semi-skilled work despite finding that her RFC was limited to simple tasks.  *See* ECF Dkt. #19 at 5-6.  The ALJ's error was the result of a plain misapplication of the Commissioner's own regulations.  Further, the ALJ failed to consider, let alone give adequate reasons for rejecting a medical opinion from treating physician Dr. Wilson.  *Id*. at 6-9.  In this regard, Defendant contended that the ALJ's error was harmless, implicitly acknowledging error at the administrative level.  In light of the ALJ's obvious error and Defendant's need to establish substantial justification at the administrative level and in this Court, the undersigned recommends that the Court find Defendant's position to lack substantial justification.  *See* 28 U.S.C. § 2412(d)(2)(D).

### 3.  NO SPECIAL CIRCUMSTANCES

The undersigned recommends that the Court find that this case does not involve any special circumstances that would make an award of fees unjust.  Accordingly, the Court should find that Plaintiff is entitled to an award of attorney fees under the EAJA.

### B.  REASONABLENESS OF FEES AND COSTS

Once a determination is made that attorney's fees should be awarded under the EAJA, the Court must determine if that fee is reasonable.  *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990).  The EAJA permits an award only of reasonable attorney fees.  *See* 28 U.S.C. §2412(d)(2)(A).  Fees are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).  Courts may award higher fees, but only if "the court determines that an increase in the cost

of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id*., quoting 28 U.S.C. § 2412(d)(2)(A)(ii).  The burden lies with the fee applicant to establish the entitlement to an award of fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The decision to make adjustments to the hourly rate based upon increases in the Consumer Price Index ("CPI") as to the cost of living are left to the sound discretion of the district court.  *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992)(citations omitted).

### 1.  HOURLY RATE CALCULATION

Plaintiff seeks an hourly fee of $171.88 per hour for work performed by Attorneys Roose and Meadows and $45.00 per hour for work performed by Executive Assistant Shriver.  ECF Dkt. #22 at 3.  Plaintiff bases the attorneys' hourly rate on a CPI of 214.102, the CPI for the first half of 2009.  ECF Dkt. #22, Ex. D.  Plaintiff contends that dividing this CPI by the CPI of 155.7 for March of 1996 gives a factor of 1.375, and multiplying 1.375 by the EAJA cap for March, 1996 of $125 gives a rate of $171.88 per hour.

As an initial matter, the undersigned notes that the CPI for the first half of 2009 is not 214.102; it is 213.139.  *See* Consumer Price Index - All Urban Consumers, Series Id:CUUR0000SA0[1].  Dividing this CPI by the CPI of 155.7 for March of 1996 gives a factor of 1.369, and multiplying 1.369 by the EAJA cap for March, 1996 of $125 gives a rate of $171.13 per hour.  The undersigned believes this is the applicable rate under the national CPI.

---

[1]  *available at*
http://data.bls.gov/PDQ/servlet/SurveyOutputServlet?series_id=CUUR0000SA0
&years_option=all_years&periods_option=all_periods

### 2.     WHETHER NATIONAL OR REGIONAL CPI IS APPLICABLE

Defendant contends that this rate is unreasonable because it is based upon the national CPI rather than the Cleveland/Akron regional CPI. ECF Dkt. #23. He contends that the applicable rate is $168.12 and $165.12 per hour for 2008 and 2009, respectively. *Id*. Defendant offers no authority for his position. And, while not contending that his position was substantially justified, he disputes a difference in rate[2] of $3.76 to $6.76 per hour for a total compensation difference of $74.82 to $134.52 over 19.9 attorney work-hours. This dispute, however, has prompted Plaintiff to file a reply brief and incur additional fees. *See* ECF Dkt. #25 at 7. In so doing, Plaintiff directed the Court to a decision from the Honorable Nancy Vecchiarelli, rejecting a similar argument to the one advanced by Defendant here:

> Defendant also argues that plaintiff calculates fees at the United States city average rather than at the Midwest regional average. Defendant provides no explanation as to why one average is more appropriate than the other. Neither rate seems, on its face, inappropriate. As defendant shows no reasons for preferring one rate over the other, the court shall accept plaintiff's calculation in this regard.

*Barnett v. Astrue*, Case No. 1:07CV3367 (N.D. Ohio Dec. 9, 2008) (ECF Dkt. #25). Therefore, the undersigned recommends that the Court reject Defendant's argument that Plaintiff's fee is unreasonable as based on the national CPI.

### 3.     WHETHER 2008 or 2009 CPI IS APPLICABLE

Defendant also contends that Plaintiff's fee is unreasonable because "counsel is not entitled to be paid at 2009 rates for work performed in 2008." ECF Dkt. #23 at 3. However, Defendant goes on to calculate that the rates for 2008 were *higher* than the rates for the first half of 2009

---

[2] This difference is taken from Plaintiff's requested rate, as opposed to the rate of $171.13 as the undersigned computed above.

because the CPI for 2008 was higher: "Plaintiff's counsel are entitled to be compensated at rates of no more that $168.12 and $165.12 per hour for 2008 and 2009, respectively." *Id*. Therefore, to the extent that Plaintiff seeks to be compensated for attorney work performed in 2008 at 2009 rates, that error benefits Defendant. The same result would precipitate using the national CPI, as the CPI for 2008 was higher at 215.303 than the CPI for the first half of 2009, which was 213.139. *See* Consumer Price Index - All Urban Consumers, Series Id: CUUR0000SA0 (*available at* http://data.bls.gov/PDQ/servlet/SurveyOutputServlet?series_id=CUUR0000SA0&years_option =all_years&periods_option=all_periods).

Nevertheless, Defendant is correct in asserting that Plaintiff's attorneys performed work in 2008. The undersigned will apply the 2008 rate to the attorney work performed in 2008. Attorney Roose performed a total of .4 hours of work between September 9, 2008 and December 30, 2008 and Attorney Meadows performed .1 hour of work on December 22, 2008 for a total of .5 hours. *See* ECF Dkt. #22, Ex. A. Using the CPI for the U.S. city average for 2008, of 215.303 and dividing it by the CPI of 155.7 for March of 1996 gives a factor of 1.383, and multiplying 1.383 by the EAJA cap for March, 1996 of $125 gives a rate of $172.88 per hour.

### 4.   ALLEGATIONS OF DUPLICATE BILLING AND UNREASONABLE BILLING PRACTICES

Defendant also contends that Plaintiff's counsel "did not exercise proper billing judgment in several instances." ECF Dkt. #23 at 2. Defendant reasons that "[f]or example, a total of 1 hour was billed for work related to requesting an extension of time. Counsel's inability to file a brief on time should not be charged to either his client or the government." *Id*. (footnote omitted). This allegation plainly lacks merit because it ignores the practicalities of the practice of law. Both claimants and the Government routinely seek extensions for filing briefs in social security cases

in this Court. It would be difficult to believe that granting those motions in favor of the Government would not have an effect on the schedule and work-load of a claimant's attorney with any appreciable practice in social security. Therefore, it is reasonable for a claimant's attorney to seek some continuances. In fact, it is responsible practice to seek an extension rather than to leave the case unattended as a deadline passes. Specifically, the continuances in this case were not excessive. The undersigned believes the amount for which Plaintiff's counsel billed in regard to extensions of time in this case is reasonable.

Further, the Government's argument pertaining to extensions is factually incorrect. While asserting that "Counsel's inability to file a brief on time should not be charged to either his client or the government," the Government sought a continuance on March 23, 2009, and a second motion for a continuance on April 22, 2009. *See* ECF Dkt. #15, 16. In a footnote of Defendant's brief where he details the amount of time Plaintiff allegedly spent *requesting* extensions of time, Defendant notes that Plaintiff spent .2 hours each on March 30, 2009 and April 20, 2009. ECF Dkt. 23 at n.1. Defendant's statement is plainly misleading because Plaintiff's time sheets patently refer to reviewing *Defendant's motion*s for extension of time. *See* ECF Dkt. # 22 Ex. B; *see also* ECF Dkt. ##15, 16.

Plaintiff also notes, and the undersigned agrees, that some of the entries for which Plaintiff's counsel billed for seeking extensions of time included other tasks, such as docket review. *See* ECF Dkt. #25, #22, Ex. A.

Next, Defendant contends that Plaintiff's request is duplicative because Attorney Meadows and Attorney Roose both billed for reviewing the favorable court decision. ECF Dkt. #23 at 2. Again, Defendant's brief is misleading because this billing occurred following the undersigned's

Report and Recommendation, not necessarily a favorable "decision." As Plaintiff asserts in his reply brief, both attorneys reviewed the document for possible objections. The undersigned notes that the Report and Recommendation was not entirely favorable to Plaintiff. *See* ECF Dkt. #9-11. It is prudent for counsel to review a report and recommendation to assess the need for objections, and the undersigned believes a total of .8 hours in this case is not unreasonable.

Defendant further contends that on February 19-20, 2009 Attorney Meadows and on December 23, 2008, executive assistant Shriver both billed for reviewing the transcript. ECF Dkt. #23 at 2. This argument lacks merit because Shriver billed only .2 hours for reviewing the incoming transcript after it was filed and she forwarded it to the briefing attorney – this was an administrative intake function. *See* ECF Dkt. #22 Ex. B. In contrast, on February 19-20, 2009, Attorney Meadows spent substantially more time (7.3 hours) reviewing the docket, indexing the transcript, and preparing a brief. ECF Dkt. #22, Ex. A. These are substantive attorney functions that were very different from the functions Shriver performed on December 23, 2008. Defendant's argument is plainly meritless and should be rejected.

Defendant contends that Shriver and Attorney Roose both edited a substantive brief on February 23, 2009. ECF Dkt. #23 at 2. The time spent editing the substantive brief was 3.0 hours. *See* ECF Dkt. #22, Ex. A, B. The undersigned believes this is a reasonable amount of time. The fact that the work was divided among more than one person does not necessarily mean that the work was duplicative. Moreover, it does not mean the work was *unreasonably* duplicative. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("There is nothing inherently unreasonable about a client having multiple attorneys, and *they may all be compensated if they are not unreasonably doing the same work* and are being compensated

for the distinct contribution of each lawyer.") (emphasis added).

Defendant contends that Shriver billed .2 hours to review emails related to "the motion" for extension of time on March 30, 2009 and April 22, 2009. ECF Dkt. #23 at 2. As stated above, these emails pertained to the *Government's* motions seeking continuances to file its brief on the merits. *See* ECF Dkt. ## 15, 16. Now, the Government challenges the fee that Plaintiff seeks for reviewing ECF notifications of motions that the Government filed. Shriver's time sheets unequivocally state that she was reviewing emails pertaining to the *Government's* motions on those dates. Certainly, counsel has an ethical duty to remain apprised of the scheduling orders of the case and counsel was *required* to review these emails. Defendant's argument in this regard is plainly meritless.

Next, Defendant contends that Shriver billed (on June 2, 2009 and August 11, 2009) for actions undertaken by Attorney Roose (on June 2, 2009 and September 10, 200). ECF Dkt. #23 at 2. Upon review of Shriver and Attorney Roose's time sheets, the undersigned believes that Defendant's position is factually incorrect. On June 2, 2009, Shriver received a brief from a briefing attorney and routed it for review. ECF Dkt. # 22, Ex. B. She billed .1 hour for this administrative task. *Id*. That same day, Attorney Roose edited and filed the brief, billing 1.5 hours. ECF Dkt. #22, Ex. A. These tasks are not duplicative in any way. Shriver's task was strictly administrative, while Attorney Roose's task was substantive. On August 11, 2009, Shriver reviewed an ECF notification regarding the Court's order adopting undersigned's report and recommendation, and she sent a letter to the client regarding the same. ECF Dkt. #22, Ex. B. She billed .3 hours. *Id*. On September 10, 2009, Attorney Roose reviewed the docket, the remand order, and prepared the instant EAJA fee application, billing 1.8 hours. The undersigned fails to

see how Defendant contends that Shriver billed for the same actions undertaken by Attorney Roose. *See* ECF Dkt. #23 at 2. The only commonality between the two billing entries is review of the remand order. However, Shriver reviewed the order for the purpose of notifying the client of the disposition of her case, while Attorney Roose reviewed the letter for the purpose of preparing this EAJA application, which requires an assessment of substantial justification. Accordingly, Shriver and Attorney Roose reviewed the document for different reasons and the undersigned does not believe that their work was duplicative.

### 5.   REASONABLENESS OF ADMINISTRATIVE SERVICES

Defendant contends that "there is no explanation why it took Shriver an hour to complete the simple tasks of 9/2/08." ECF Dkt. #23 at 2. On that day, Shriver scanned an in forma pauperis application, prepared the complaint and all associated documents, mailed copies to the client, reviewed incoming emails from the Court, and reviewed initial court orders. ECF Dkt. #22, Ex. B. There is nothing unreasonable about this entry on its face. Defendant has not provided any reason to believe that it should take less than one hour to perform these duties.

### 6.   COSTS

Defendant contends that Plaintiff offers no explanation for why he is charging $0.25 per page for documents that were e-filed and why two copies of each document were needed. ECF Dkt. #23 at 2-3. To the contrary, Plaintiff's Schedule of Costs and Expenses states that two copies of each document were made so that one could be furnished to Plaintiff and one kept in the case file. ECF Dkt. #22, Ex. C. Further, the fee of $0.25 per page is reasonable on its face when considering a small job. *See English v. Secretary of the Dept. of Health and Human Services*, Case No. 01-61V, 2006 WL 3419805 at *15 (Fed.Cl., Nov. 9, 2006) ("With respect to the charges for

copying, the undersigned finds that $0.25 per page is reasonable."). As Plaintiff states in her reply, $0.25 per page is a reasonable rate when considering copying equipment, supplies, and staff time. Additionally, it would be impractical to have work performed by an outside vendor, even at a lower per-page cost, when considering the size of the job at issue (38 pages on 9/2/ 2008, 48 pages on 2/24/2009, 18 pages on 6/2/2009, and 32 pages on 9/10/2009). Accordingly, the undersigned recommends that the Court find the Costs and Expenses of $34.00 to be reasonable.

### 7.     REPLY BRIEF

Plaintiff's counsel contends that he spent an additional 3.75 hours on October 5, 2009 and 2.0 hours on October 6, 2009 researching and writing a reply brief pertaining to the instant motion. ECF Dkt. #25 at 7. Plaintiff seeks additional fees in connection with these hours worked. In light of the multiple factual misstatements in Defendant's opposition and the lack of legal support for Defendant's position pertaining to the selection of the appropriate CPI, the undersigned believes that the reply brief to be well-founded and therefore recommends that the Court award fees for 5.75 hours of work.

### 7.     CALCULATION OF EAJA FEES AND COSTS TO BE AWARDED

As discussed above, Plaintiff seeks an hourly rate of $171.88 per hour for attorney work and $45.00 per hour for administrative assistant work, but the undersigned believes that the applicable rate for attorney work is $172.88 and $171.13 per hour for 2008 and 2009, respectively.

Attorneys Roose and Meadows performed .5 hours of work in 2008 at $172.88 per hour and are therefore entitled to $86.44 for those services. They performed 19.4 hours of work in 2009 and 5.75 hours of work on the reply to the instant motion at $171.13 per hour. Therefore, they are entitled to an additional $4,303.92. Executive Assistant Shriver performed 5.2 hours of work at

$45 per hour, entitling her to $234.00. Lastly, counsel should be entitled to collect $34.00 in expenses as detailed in ECF Dkt. #22, Ex.C. The total of Attorneys' Fees, Administrative Fees, and Costs is $4,658.36.

### III.  CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Plaintiff's application for the award of attorney fees pursuant to the EAJA and ORDER that Defendant pay attorney fees and costs in the amount of $4,658.36 directly to Attorney Kirk B.Roose, counsel for Plaintiff in the above-captioned case. ECF Dkt. #22.


Date: October 13, 2009

             */s/George J. Limbert*
             GEORGE J. LIMBERT
             U.S. MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).