UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY J. TITUS | ) | CASE NO.1:08CV2093 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE | ) | MEMORANDUM OF OPINION |
| Commissioner of Social Security | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Plaintiff Tammy Titus' Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF Dkt. #22. For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and grants Plaintiff's Motion for Attorney Fees.

## FACTS

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation adopted and incorporated, provides a more complete and detailed discussion of the facts. On August 11, 2009, this Court issued a Memorandum Opinion and Order reversing judgment in favor of Defendant and remanding Plaintiff's case to the Administrative Law Judge ("ALJ") for further findings and proceedings consistent with the Court's opinion. On September 10, 2009, Plaintiff filed the instant Motion for Attorney

1

Fees pursuant to the EAJA. On September 24, 2009, Defendant filed a Response and on October 6, 2009, Plaintiff filed a Reply. On October 6, 2009, this Court referred Plaintiff's Motion to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on October 14, 2009. Defendant filed their Objections to the Report and Recommendation on October 27, 2009 and Plaintiff filed her Response to Objections on November 11, 2009.

## **ANALYSIS**

The EAJA provides that a plaintiff shall be awarded attorney fees when she is the prevailing party in a suit against the government, unless the government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1). The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); See also *Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

Defendant does not dispute that Plaintiff is a prevailing party, nor that the Government's position was substantially justified. Therefore, the Court finds that this case does not involve any special circumstances that would make an award of fees unjust. The Court agrees with the Magistrate Judge that Plaintiff is entitled to an award of attorney fees under the EAJA.

The EAJA permits an award only of reasonable attorney fees. *See* 28 U.S.C. §2412(d)(2)(A). In the Government's Response to Plaintiff's Application and Objections to the Magistrate Judge's Report and Recommendation, it contends that Plaintiff's fee request is not reasonable. The Government contends that Plaintiff's counsel is asking for compensation for every effort undertaken in this matter, even minor administrative actions. The Government also contends Plaintiff's counsel has not calculated their hourly rate properly.

Fees are determined under the EAJA, not by calculating a percentage of the amount

that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." Id., quoting 28 U.S.C. § 2412(d)(2)(A)(ii). The burden lies with the fee applicant to establish the entitlement to an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The decision to make adjustments to the hourly rate based upon increases in the Consumer Price Index ("CPI") as to the cost of living are left to the sound discretion of the district court. *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992)(citations omitted).

The Magistrate Judge thoroughly addressed each issue raised by the Government in his well-reasoned Report and Recommendation. Defendant objects to the Plaintiff using a national CPI rather than the regional CPI. In determining which CPI is applicable, the Magistrate Judge determined that there is no justifiable reason put forth by Defendant for using either a national or regional rate. The Court finds that Plaintiff's calculations based on the national CPI are reasonable.

Defendant also contends that Plaintiff's counsel did not exercise proper billing judgment. The Court agrees with the Magistrate Judge that this allegation lacks merit because it ignores the practicalities of the practice of law. The Report and Recommendation thoroughly addressed in detail, the number of hours spent on various tasks and reviews by Plaintiff's counsel. The Magistrate Judge points out that Defendant's arguments are meritless and in some instances incorrect. This Court agrees and finds that the amounts that Plaintiff billed are reasonable.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Plaintiff's and Defendant's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned

Report and Recommendation and GRANTS Plaintiff's application for the award of attorney fees pursuant to the EAJA and ORDERS that Defendant pay attorney fees and costs in the amount of $4,658.36 directly to Attorney Kirk B. Roose, counsel for Plaintiff in the above-captioned case.

    IT IS SO ORDERED.

Date: 12/4/2009

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge